In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 22-2560
ORION EDDLEMON,
 Plaintiff-Appellee,
 v.

BRADLEY UNIVERSITY,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Central District of Illinois.
 No. 20-cv-01264 — Michael M. Mihm, Judge.
 ____________________

 ARGUED FEBRUARY 8, 2023 — DECIDED APRIL 12, 2023
 ____________________

 Before FLAUM, SCUDDER, and ST. EVE, Circuit Judges.
 FLAUM, Circuit Judge. In spring 2020, Orion Eddlemon was
an undergraduate student at Bradley University. The COVID-
19 pandemic and related government orders forced Bradley
to adapt in March of that year; the University closed its cam-
pus, canceled one week of classes, and conducted the remain-
der of the semester’s classes virtually. In response, Eddlemon
brought a putative class action lawsuit against Bradley, alleg-
ing these changes resulted in a breach of contract and unjust
2 No. 22-2560

enrichment. The district court certiﬁed two classes for Eddle-
mon’s claims, and Bradley now appeals those certiﬁcations.
For the following reasons, we vacate the district court’s class
certiﬁcations and remand for further proceedings.
 I. Background
 A. Factual Background
 In March 2020, Bradley closed its campus and canceled in-
person activities in response to the COVID-19 pandemic. The
University also canceled one week of classes as it migrated to
a remote learning format. While Bradley resumed classes vir-
tually and began offering remote activities, events, and re-
sources, the campus remained closed for the rest of the semes-
ter.
 The University never rescheduled the week of canceled
classes. As a result, the Spring 2020 Semester was only four-
teen weeks instead of the planned fifteen weeks of classes
listed in Bradley’s 2019−2020 Academic Catalog. The Aca-
demic Catalog also stated: “This catalog serves as a contract
between a student and Bradley University.” For the Spring
2020 Semester, Bradley charged all full-time, on-campus stu-
dents $17,100 in tuition and an $85 activity fee. While the Uni-
versity provided pro-rata refunds for room and board to stu-
dents who were forced to leave their on-campus housing, it
did not provide refunds for tuition or activity fees.
 B. Procedural Background
 Eddlemon alleges, on his own behalf and on behalf of
those similarly situated, that Bradley breached an implied
contract to provide fifteen weeks of classes in exchange for
$17,100 in tuition and fifteen weeks of on-campus activities in
exchange for an $85 activity fee. Alternatively, Eddlemon
No. 22-2560 3

alleges that the University’s retention of tuition and activity
fees constitutes unjust enrichment.
 On Eddlemon’s motion, the district court certified two
classes of all students during the Spring 2020 Semester “who
paid, or on whose behalf payment was made,” for tuition
(the “Tuition Class”) and activity fees (the “Activity Fee
Class”). 1 Bradley timely filed an interlocutory appeal of the
court’s certifications.
 II. Discussion
 We review the district court’s class certifications “for an
abuse of discretion, which can occur when [the] district court
commits legal error.” Santiago v. City of Chicago, 19 F.4th 1010,
1016 (7th Cir. 2021) (citation and internal quotation marks
omitted). “[T]his is a deferential standard, [but] it must also
be exacting because a decision regarding certification can
have a considerable impact on the playing field of litigation.”
Orr v. Shicker, 953 F.3d 490, 497 (7th Cir. 2020) (citation and
internal quotation marks omitted).
 To certify a class under Federal Rule of Civil Procedure 23,
plaintiffs must first meet the following four requirements: nu-
merosity, commonality, typicality, and adequacy of represen-
tation. Fed. R. Civ. P. 23(a). Then, “[w]here, as here, certifica-
tion is sought under Rule 23(b)(3), common questions of law
or fact must predominate over individual inquiries, and class
treatment must be the superior method of resolving the con-
troversy.” Santiago, 19 F.4th at 1016 (citation omitted).

 1 Eddlemon also moved to certify a third class: students who paid fees

for course supplies, such as laboratory equipment, during the Spring 2020
Semester. The district court denied certification for that class, and Eddle-
mon did not appeal that decision.
4 No. 22-2560

Eddlemon “bears the burden of demonstrating that certifica-
tion is proper by a preponderance of the evidence.” Gorss Mo-
tels, Inc. v. Brigadoon Fitness, Inc., 29 F.4th 839, 843 (7th Cir.
2022). If he meets this threshold, “the class must be certified,
even if it is sure to fail on the merits.” Simpson v. Dart, 23 F.4th
706, 711 (7th Cir. 2022).
 Here, Bradley challenges the district court’s analysis of the
commonality and predominance requirements. To satisfy
commonality, a “claim must ‘depend on a common conten-
tion’ and ‘[t]hat common contention … must be of such a na-
ture that it is capable of classwide resolution—which means
that determination of its truth or falsity will resolve an issue
that is central to the validity of each one of the claims in one
stroke.’” Ross v. Gossett, 33 F.4th 433, 437 (7th Cir. 2022) (alter-
ations in original) (quoting Wal-Mart Stores, Inc. v. Dukes, 564
U.S. 338, 350 (2011)). Predominance “builds on commonality;
whereas Rule 23(a)(2) requires the existence of a common
question, Rule 23(b)(3) requires the common question(s) to
‘predominate’ over the individual ones.” Howard v. Cook Cnty.
Sheriff’s Off., 989 F.3d 587, 607 (7th Cir. 2021).
 A. Rigorous Analysis
 Bradley argues that the district court did not conduct the
required rigorous analysis when certifying the Tuition Class
and the Activity Fee Class. It is correct that “[a] district court
must rigorously analyze the requirements of Rule 23.” Id. at
598 (emphasis added) (citation and internal quotation marks
No. 22-2560 5

omitted). Indeed, certification is appropriate only if the dis-
trict court does so. Wal-Mart, 564 U.S. at 350−51.
 1. Reliance on Pleadings
 At the outset, Bradley contends that the district court erred
by relying solely on Eddlemon’s allegations, without as-
sessing the record. To be sure, “Rule 23 does not set forth a
mere pleading standard. A party seeking class certification
must affirmatively demonstrate his compliance with the
Rule—that is, he must be prepared to prove that there are in
fact sufficiently numerous parties, common questions of law
or fact, etc.” Id. at 350; see also Halliburton Co. v. Erica P. John
Fund, Inc., 573 U.S. 258, 275 (2014) (emphasizing that parties
seeking class certification may “not simply plead … that their
proposed class satisfies each requirement of Rule 23”). In par-
ticular, the predominance inquiry requires a court to “under-
stand what the plaintiffs will need to prove and … evaluate
the extent to which they can prove their case with common
evidence.” In re Allstate Corp. Sec. Litig., 966 F.3d 595, 603 (7th
Cir. 2020).
 The district court’s certification order does not reveal
whether the court examined the record. What is evident, how-
ever, is that the district court repeatedly referred to Eddle-
mon’s allegations without addressing his proffered evidence
(e.g., the Academic Catalog) or examining how he would
prove his allegations with common evidence. For example,
the court concluded that the commonality requirement was
satisfied simply because “all class members allegedly suffered
a common injury.” Similarly, the court’s predominance anal-
ysis merely accepted Eddlemon’s proffered common ques-
tions without referring to the common evidence presented to
answer those questions. As such, the court’s certifications rest
6 No. 22-2560

on an error of law and amount to an abuse of discretion. See
Howard, 989 F.3d at 597 (“[I]n evaluating the Rule 23 factors,
a court does not take the plaintiffs’ allegations at face value.
Instead, the court must go beyond the pleadings ….” (empha-
sis added) (citation and internal quotation marks omitted));
United States v. Shelton, 997 F.3d 749, 757 (7th Cir. 2021) (“A
decision that rests on an error of law is always an abuse of
discretion.”).
 2. No Consideration of the Individual Claims or Questions
 Bradley also points out that the district court did not iden-
tify or separately analyze the elements of Eddlemon’s claims,
which the University argues was critical to the court’s pre-
dominance analysis. The predominance inquiry “calls upon
courts to give careful scrutiny to the relation between com-
mon and individual questions in a case.” Tyson Foods, Inc. v.
Bouaphakeo, 577 U.S. 442, 453 (2016). In other words, determin-
ing whether predominance is satisfied “requires more than a
tally of common questions; the district court must consider
their relative importance.” Santiago, 19 F.4th at 1016 (citation
omitted). This is because, at bottom, “the predominance re-
quirement is [only] met when common questions represent a
significant aspect of a case.” Ross, 33 F.4th at 439 (emphasis
added) (citation and internal quotation marks omitted).
 To determine “which issues are common, individual, and
predominant,” the court must “circumscrib[e] the claims and
break[] them down into their constituent elements.” Santiago,
19 F.4th at 1018; see also Messner v. Northshore Univ. HealthSys-
tem, 669 F.3d 802, 815 (7th Cir. 2012) (“Analysis of predomi-
nance under Rule 23(b)(3) begins, of course, with the elements
of the underlying cause of action.” (citation and internal quo-
tation marks omitted)). As a result, we have explicitly
No. 22-2560 7

instructed district courts to “begin [the class certification
anaylsis] by identifying the elements of the plaintiff’s various
claims.” Simpson, 23 F.4th at 713.
 The district court did not address this instruction; in fact,
it never noted the elements of Eddlemon’s claims. The court
should have identified the elements of Eddlemon’s two
claims and separately analyzed them to better understand the
relationship between each claim’s common and individual
questions. Instead, it listed one common question for each
class without explaining that question’s “relative importance”
to each claim, whether any individual questions exist, or how
the common question predominates over individual ones.
Santiago, 19 F.4th at 1016 (citation omitted). That proved fatal
to the court’s certification analysis.
 Rather than conducting the required analysis, the district
court repeatedly and heavily relied on a non-precedential
opinion, Little v. Grand Canyon Univ., No. CV-20-00795, 2022
WL 266726 (D. Ariz. Jan. 28, 2022), to summarily conclude that
“common questions predominate over individual questions.”
In doing so, the court did not confront Bradley’s key argu-
ments. It did not address the University’s assertion that Ed-
dlemon’s breach of contract claim would lead to many indi-
vidual questions regarding damages, and it dismissed Brad-
ley’s related arguments regarding Eddlemon’s unjust enrich-
ment claim by stating, without explanation: “The court is con-
fident that … it will be able to fashion an appropriate formula
for damages.” 2

 2 On appeal, Bradley raises many arguments regarding the adequacy

of Eddlemon’s damages models. However, these arguments are best
8 No. 22-2560

 This Circuit has found abuses of discretion based on simi-
larly scant analyses. For example, in Santiago, this Court con-
cluded that “an abuse of discretion occurred” because “the
district court did not engage in the detailed analysis that a
Rule 23 decision requires.” 19 F.4th at 1018. Like in this case,
the district court’s order in Santiago “d[id] not discuss any of
the elements of the underlying causes of action” and “ap-
pear[ed] to have organized its analysis around potential com-
mon questions rather than the claims at issue.” Id. at 1017. We
made clear that “the district court should have begun its anal-
ysis with the elements of the[] claims.” Id. at 1018.
 We reiterated this point in Simpson, where the district
court also did “not separat[e] its analysis” of the plaintiff’s
claims. 23 F.4th at 713. There, we stated: “A one size (or one
claim) approach is at odds with the ‘rigorous analysis’ re-
quired at the class certification stage. Instead, … a district
court should begin by identifying the elements of the plain-
tiff’s various claims ….” Id. at 712 (citation omitted). The dis-
trict court’s class certification analysis here was similarly in-
complete. 3

understood as challenges to whether common questions predominate
over individual ones.
 3 Eddlemon submits that Ross v. Gossett supports that a district court

need not individually examine each element of each claim when evaluat-
ing predominance. 33 F.4th at 441−42. But Ross is not instructive. In that
case, we rejected the appellant’s argument that “the district court failed
to … discuss the elements of the claims and apply the inquiry to those el-
ements.” Id. at 441. However, we did so because the district court appro-
priately addressed the only arguments raised by the parties. Id. at 441−42.
By contrast, here, the district court did not address Bradley’s arguments
No. 22-2560 9

 In sum, the district court did not conduct the rigorous
analysis required by Rule 23. As such, the court abused its
discretion in certifying the Tuition and Activity Fee Classes.
See Beaton v. SpeedyPC Software, 907 F.3d 1018, 1025 (7th Cir.
2018) (“A district court may abuse its discretion by omitting
key factual and legal analysis.”); United States v. Doe Corp., 59
F.4th 301, 304 (7th Cir. 2023) (“A court abuses its discretion
when it bases its decision on a legal error.”). Accordingly, we
vacate the class certifications and remand so that the district
court may apply the appropriate legal framework to the exist-
ing record.
 B. Merits Arguments
 Bradley also contends that the district court inappropri-
ately rejected its arguments regarding the adequacy of Eddle-
mon’s proof as “more closely related to the merits” of Eddle-
mon’s claims. While we disagree with Bradley’s position, to
help inform the court’s analysis on remand, we take this op-
portunity to clarify the interplay between class certification
and the merits of a plaintiff’s case.
 It is true that a district court’s analysis of the Rule 23 re-
quirements will often “entail some overlap with the merits of
the plaintiff’s underlying claim.” Wal-Mart, 564 U.S. at 351.
Yet, the court may only consider the merits of a claim to the
extent “they are relevant to determining whether the Rule 23
prerequisites for class certification are satisfied.” Amgen Inc.
v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013). At the
class certification stage, therefore, the court “must walk a bal-
ance between evaluating evidence to determine whether a

related to each element of Eddlemon’s claims and inadequately supported
its conclusions regarding commonality and predominance.
10 No. 22-2560

common question exists and predominates, without weighing
that evidence to determine whether the plaintiff class will ul-
timately prevail on the merits.” Ross, 33 F.4th at 442 (citation
omitted).
 Bradley acknowledges that Eddlemon submitted the 2020
Academic Catalog and the Student Activities Budget Review
Committee Articles as support for the alleged contract be-
tween Bradley and its students but argues that these docu-
ments cannot prove the existence of a contract. However, any
attempt to cast doubt upon the sufficiency of these documents
to prove the alleged contractual promises goes to the merits
of Eddlemon’s claims, not to whether common questions exist
and predominate. See Simpson, 23 F.4th at 712 (“These consid-
erations go not to commonality but instead to whether
the … subclasses can ultimately succeed on the merits. We
cannot know at this stage. But … as to each subclass, the an-
swer seems likely to be the same for each class member. That
is all that Rule 23(a)(2) requires.”); Allstate, 966 F.3d at 604
(“At class certification, the issue is not whether plaintiffs will
be able to prove the[] elements on the merits, but only
whether their proof will be common for all plaintiffs, win or
lose.”). So, the district court did not err by rejecting Bradley’s
arguments regarding the sufficiency of Eddlemon’s evidence.
 III. Conclusion
 For the foregoing reasons, we VACATE the district court’s
certifications of the Tuition and Activity Fee Classes and
REMAND for further proceedings consistent with this opinion.